FIRST NATIONAL BANK OF LOUISVILLE *v.* CLAYTON L. CARTER.

**Homestead—Sale—Estoppel of Purchaser.**

In an execution sale of land, the vendor knows what he is selling and the purchaser knows what he is buying, so the debtor cannot be estopped to assert a homestead right where he did not consent to the sale or induce the purchaser to buy.

APPEAL FROM CASEY CIRCUIT COURT.

February 7, 1874.

OPINION BY JUDGE HARDIN:

It was the duty of the sheriff when levying the execution in favor of the appellant, or before the sale under it, to have caused to be set apart to the appellee so much of the land as did not exceed in value $1,000. The failure of that officer to comply with the requirements of the statute, or the defendant in the execution to demand that it should be done, is no waiver of the latter's right to the exemption. It was more the duty of the plaintiff in the execution to have this duty discharged than that of the appellee, as the homestead was not subject to sale, or at least no title could pass without the consent of the owner and occupier, as provided by the statute; and the purchaser, when he buys, is presumed to know that the debtor cannot, by the mere sale, be deprived of his homestead. There can be no estoppel, as the purchaser knows what he is purchasing and the officer what he is selling. A case might possibly exist where the debtor, by inducing the purchaser to buy, might be estopped from asserting his claim, but for the fact that the exemption is as much for his family as himself. The statute requires the waiver to be in writing, signed by the husband and wife, etc.; the

wife being dead does not deprive the husband and his children of the benefits of this law, as they are as much entitled to the exemption as the wife and mother. Nor does the execution exist as an estoppel, and it can only be regarded as an agreement on the part of the debtor to pay that amount for the interest the appellant acquired in the land by his purchase under the execution. There was no sale of the land to James Carter, and if there was, James Carter only released his claim upon it without any consideration whatever. The appellant paid Carter nothing for the whole, and it operated only as a dismissal of the equity suit, thereby enabling the appellant to sell the land under execution.

The judgment affirmed.

*Durham, Jacobs, Miller, for appellant.*

*Hill & Alcorn, for appellee.*